1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO

3

4  CARLOS RODRÍGUEZ-AGUDO,

5      Petitioner.                                     Civil No. 13-1014 (JAF)

6      v.                                               (Crim. No. 10-283)

7  UNITED STATES OF AMERICA,
8
9      Respondent.

10

11

12  **OPINION AND ORDER**
13
14      Petitioner, Carlos Rodríguez-Agudo, moves to vacate his sentence under 28 U.S.C.

15  § 2255.   (Docket No. 1.) He claims that he received ineffective assistance of counsel.

16  (Id.) His claims are ill-founded; his motion is dismissed.

17                                          **I.**

18                                     **Background**

19      On October 28, 2010, Rodríguez-Agudo pled guilty to one count of conspiracy to

20  distribute narcotics and one count of conspiracy to import cocaine into the United

21  States. We sentenced Rodríguez-Agudo to 210 months on each count, to be served

22  concurrently.   (Cr. Docket No. 50.)   The First Circuit affirmed Rodríguez-Agudo's

23  conviction. (Cr. Docket No. 83.) Rodríguez-Agudo now seeks relief under 28

24  U.S.C. § 2255.  (Docket No. 1.)  Respondent opposes. (Docket No. 3.)

1        **II.**

2        **Standard**

3        A federal district court has jurisdiction to entertain a § 2255 petition when the

4 petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A

5 federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in

6 violation of the Constitution or laws of the United States." Id. The petitioner is entitled to

7 an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . .

8 'state conclusions instead of facts, contradict the record, or are inherently

9 incredible.'" Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting United States

10 v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993)); see 28 U.S.C. § 2255(b). A petitioner

11 cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he

12 can demonstrate both cause and actual prejudice for his procedural default. See United

13 States v. Frady, 456 U.S. 152, 167 (1982).

14        **III.**

15        **Discussion**

16        Because Rodríguez-Agudo appears pro se, we construe his pleadings more favorably

17 than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94

18 (2007). Nevertheless, Rodríguez-Agudo's pro-se status does not excuse him from

19 complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890

20 (1st Cir. 1997).

21        Rodríguez-Agudo claims his criminal history was over-represented at

22 sentencing. (Docket No. 1 at 4.) This is essentially an ineffective assistance of counsel

23 claim because Rodríguez-Agudo claims his defense counsel should have prevented the over-

1   representation of his past offenses.  (Id.)  Specifically, Rodríguez-Agudo says that two of his

2   offenses should have merged for purposes of his criminal history.   (Id.)   But, as the

3   government rightly points out, Rodríguez-Agudo's offenses were separated by an

4   intervening arrest and, thus, did not merge.  (Docket No. 3 at 5.)  That means the sentences

5   were properly counted as separate convictions, and defense counsel could not have been

6   ineffective for failing to make the futile argument that the offenses should have

7   merged.  United States v. Bell, 485 F.3d 54, 59 (1st Cir. 2007) (sentences not consolidated

8   where charged separately and given separate sentences); United States v. Correa, 114 F.3d

9   314, 317-18 (1st Cir. 1999) (charges based on offenses that are temporally and factually

10  distinct should not be regarded as having been consolidated and thus "related" for purposes

11  of Sentencing Guidelines, unless original sentencing court entered actual order of

12  consolidation).   Rodríguez-Agudo's counsel, therefore, was not ineffective for failing to

13  make a futile argument that the offenses should have merged.  Vieux v. Pepe, 184 F.3d 59,

14  64 (1st Cir. 1999) (stating that counsel's performance is not deficient if he declines to pursue

15  a futile tactic).  We reject Rodríguez-Agudo's claim as undeveloped.   Cody v. United

16  States, 249 F.3d 47, 53 n.6 (1st Cir.2006) (ineffective assistance claim raised in a

17  perfunctory manner in a 2255 proceeding is deemed waived).

18                                                    **IV.**

19                                    **Certificate of Appealability**
20

21         In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

22  issuing a denial of § 2255 relief we must concurrently determine whether to issue a

23  certificate of appealability ("COA").  We grant a COA only upon "a substantial showing of

24  the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he

Civil No. 13-1014 (JAF)                                                          -4-

1   petitioner must demonstrate that reasonable jurists would find the district court's assessment

2   of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338

3   (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While Rodríguez-Agudo

4   has not yet requested a COA, we see no way in which a reasonable jurist could find our

5   assessment of his constitutional claims debatable or wrong.  Rodríguez-Agudo may request

6   a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

7                                                    **V.**

8                                              **Conclusion**

9            For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket

10  No. 1).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary

11  dismissal is in order because it plainly appears from the record that Petitioner is not entitled

12  to § 2255 relief from this court.

13          **IT IS SO ORDERED**.

14          San Juan, Puerto Rico, this 3rd day of May, 2013.

15                                          s/José Antonio Fusté
16                                          JOSE ANTONIO FUSTE
17                                          United States District Judge